Laying out of this case the question raised relative to the set-off, the only inquiry would be whether the defendant is at all liable to the plaintiff. He purchased a horse with Hill's note, instead of money. The horse, and the note without indorsement, were both delivered, the one for the other; and if this was done with good faith, it would seem that their liabilities extend no farther. This would be unlike the case of a note received on account of a prior debt, as a means to raise the money due, in discharge of it; if the money was not collected, the debt would still be due, unless it should be otherwise stipulated.
In this case it must have been the understanding of the parties that the money was due by Hill, and that the plaintiff was at liberty to use the defendant's name to collect it. It appears that Hill was warranted, and on the trial before a justice of the peace a set-off was allowed him; it does not appear that there was any fraud in the transaction. The question is whether the plaintiff or defendant must bear the loss.
If Hill was entitled to the set-off there can be no doubt that the defendant should bear the loss, because he impliedly, if not expressly, guaranteed that Hill owed the money. On the trial it appears that the defendant offered to show that Hill, in point of fact, was not entitled to a set-off. Opposed to this was the judgment rendered by the justice of the peace, to which the defendant was a nominal party. This brings us to a point of difficulty, to be cleared up only by the circumstances of the case.
It is a circumstance to be kept in view that whatever the dealings between the defendant and Hill were, which led to the giving of the note by Hill, they were known to themselves, but not to the plaintiff; and the probability is that, admitting that Hill was not entitled to the set-off, there was some foundation or color for it. This is evident from the fact that the (425) justice of the peace allowed it. It cannot be presumed that it was claimed and allowed without a shadow of a right. If there was any foundation for it, this was known to the defendant, and it was his duty to conceal nothing, but to make a full disclosure to the plaintiff when he passed the note to him.
It is said that the plaintiff should have given the defendant notice of the trial. This would have been very proper; but *Page 281 
the parties live a considerable distance apart. Perhaps the plaintiff had not time to do so before the trial, after he knew that a set-off was claimed.
I am, however, inclined to think that it would tend to the better understanding of the case if the defendant was permitted to give testimony as to the set-off. Although the defendant is a party to the judgment, yet he was not privy to it when it was obtained. It is possible that he may show such a state of things as will enable the jury to decide as the relative merits of the parties require. My brethren seem to think, without doubt, that a new trial should be granted, and I am willing that the rule should be made absolute.
PER CURIAM. Judgment reversed.
(426)